IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANA L. SILVERMAN,

    Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA, and
LONG TERM DISABILITY
AND LIFE INSURANCE WAIVER
OF PREMIUM PLAN
(Policy No. 910635),

    Defendants.

Civil No.   2:26-cv-1517

**COMPLAINT**

**I. NATURE OF THE ACTION**

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover and enforce long-term disability ("LTD") benefits and Life Insurance Waiver of Premium ("LWOP") benefits wrongfully terminated and denied by Defendants, and to obtain appropriate equitable relief.

2. Plaintiff Dana L. Silverman ("Ms. Silverman") was approved for LTD benefits and benefits were paid for more than two years.

3. On or about April 29, 2025, Unum terminated Ms. Silverman's LTD benefits effective April 30, 2025, asserting that she no longer met the applicable LTD definition of disability. Unum also closed her LWOP claim effective April 30, 2025.

4. Ms. Silverman timely pursued an administrative appeal. During that process, Unum issued an October 14, 2025 notice of pending denial and an October 24, 2025 additional appeal notice/addendum, each of which supplied new review materials and rationales and invited a response before a final decision. On November 24, 2025, Unum issued its final appeal denial upholding the termination of LTD benefits and closure/denial of LWOP benefits.

5. Unum's determinations were contrary to the terms of the Plan and the administrative record and were made without the full and fair review required by ERISA.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because this action arises under ERISA.

7. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because Defendants may be found in this District and transacts business in this District.

## III. PARTIES

8. Plaintiff Dana L. Silverman is an individual and a participant in, or beneficiary of, an employee welfare benefit plan governed by ERISA that provides LTD and LWOP benefits (the "Plan").

9. Defendant Unum Life Insurance Company of America ("Unum") is an insurance company that issued and/or insured the LTD and life insurance coverage at issue and acted as claims administrator and fiduciary with respect to the claims and appeal described herein.

10. Defendant Long Term Disability and Life Insurance Waiver of Premium Plan (Policy No. 910635) is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29

U.S.C. § 1002(1). To the extent the Plan is misnamed, Plaintiff sues the Plan by policy number and intends to amend to reflect the correct legal name upon production of governing plan documents.

## IV. THE PLAN AND RELEVANT BENEFIT TERMS

11. The Plan provides LTD benefits and, in connection with life insurance coverage, a waiver of premium benefit for eligible participants who satisfy the applicable definition of disability.

12. As summarized by Unum in its final appeal denial, the LTD definition relevant to the termination at issue required that the insured be limited from performing the material and substantial duties of her regular occupation due to sickness or injury and sustain the requisite loss of indexed monthly earnings due to the same sickness or injury.

13. As further summarized by Unum in its final appeal denial, disability under the life insurance waiver-of-premium coverage requires inability to perform the duties of any gainful occupation for which the insured is reasonably fitted by training, education, or experience.

14. The Plan requires that the insured be under the regular care of a physician.

15. The Plan provides for a civil action under ERISA § 502(a) after exhaustion of administrative remedies and contains a contractual limitations provision.

## V. FACTUAL ALLEGATIONS

16. Unum administered Ms. Silverman's LTD claim under Claim No. 21204308 and her LWOP claim under Claim No. 21506225, both under Policy No. 910635.

17. Ms. Silverman worked in a professional role within a nursing program as a Clinical Placement Coordinator, also described in Unum's vocational materials as a coordinator-type placement role in the national economy.

18. Unum's vocational analysis described the occupation as largely sedentary, with mostly sitting, some standing or walking for brief periods, meetings, telephone calls, frequent desk-level reaching/handling/fingering, and cognitively skilled work involving planning, judgment, interpersonal dealings, precision, and the performance of varied tasks.

19. Even as a sedentary occupation, Ms. Silverman's work required reliable attendance; sustained concentration, persistence, and pace; timely completion of detailed tasks; consistent and professional interactions with others; and the ability to tolerate ordinary workplace stressors and deadlines.

20. Ms. Silverman ceased working in 2022 due to disabling psychiatric impairments, including major depressive disorder, anxiety, obsessive-compulsive disorder ("OCD"), and eating-disorder symptomatology.

21. Unum approved Ms. Silverman's LTD claim and paid LTD benefits through April 29, 2025. Unum also administered her related LWOP claim.

22. Ms. Silverman also has a complex medical history that includes Crohn's disease, inflammatory/rheumatoid arthritis, osteoarthritis and chronic musculoskeletal pain, migraine complaints, and other autoimmune, gastrointestinal, pulmonary, and related comorbidities, for which she received ongoing specialty care.

23. On March 20, 2025, rheumatology records documented severe left hip and left sacroiliac pain, occasional left-foot numbness, neck spondylosis with decreased range of motion, decreased lumbar lordosis with tender para-lumbar musculature, tender knees,

      degenerative joint changes and synovitis/tenderness in the wrists and MCP joints, left-shoulder pain with range of motion, marked tenderness of the left hip with range of motion, tenderness across the feet, and bilateral Achilles tenderness/swelling that interfered with gait.

24. Records reviewed by Unum on appeal also included physical therapy records from March and early April 2025 documenting low-back/hip/sacroiliac pain, temporary relief after treatment, recurrent symptoms, and pain exacerbated by prolonged sitting.

25. On April 1, 2025, endocrinology documented an antalgic gait due to left-hip pain and delay in getting up and going from a seated position, although strength was otherwise noted as preserved.

26. In early April 2025, Ms. Silverman experienced worsening low-back pain with left-leg numbness and weakness, together with bowel and bladder complaints.

27. Records submitted on appeal reflect that on April 10, 2025, Ms. Silverman presented to emergency care at Penn Medicine and was hospitalized through April 12, 2025. Those records described low-back and left-leg symptoms, bowel and urinary complaints, 3/5 strength in the left lower extremity, 5/5 strength in the right lower extremity, and diminished sensation over the distal lateral aspect of the left leg.

28. Imaging during the April 2025 episode identified lumbar pathology at L4-L5, including a synovial cyst affecting thecal sac and/or nerve-root structures.

29. On April 14, 2025, neurosurgery documented lower-extremity weakness and decreased sensation and ordered additional workup in light of bowel/bladder complaints.

30. Some of the most detailed records submitted on appeal are dated shortly after April 30, 2025. Those records nevertheless describe the continuation and rapid progression of the

same acute spinal episode that began before termination and culminated in surgery on May 19, 2025.

31. On May 1, 2025, neurosurgeon Neil R. Malhotra, M.D., documented worsening symptoms, including increased left-leg weakness, numbness and tingling, episodes of the leg giving out, decreased sensation in the left leg, and abnormal tandem walking coordination.

32. On May 5, 2025, primary-care records documented gait imbalance and a current weight of 92 pounds at 5'2" in height (BMI approximately 16.83). The appeal record also reflected a diagnosis of severe protein-calorie malnutrition.

33. On May 19, 2025, Ms. Silverman underwent left L4-5 hemilaminotomy and resection of an intraspinal epidural lesion consistent with a synovial cyst.

34. Ms. Silverman remained under active psychiatric care with psychiatry and therapy. Records from January through May 2025 document ongoing depression, anxiety, OCD, and eating-disorder symptoms. On March 19, 2025, she reported a panic attack after a call from her employer. On April 21, 2025, she reported that back pain had restricted her activities, that her mood was down and anxious, and that gabapentin made her feel groggy. On May 5, 2025, primary care documented more depressed, anxious, and OCD symptoms.

35. On June 2, 2025, Amy Barcus, MA, LPC, completed a Mental Residual Functional Capacity Questionnaire. She opined, among other things, that Ms. Silverman lacked useful ability to maintain regular attendance, complete a normal workday or workweek, work at a consistent pace, handle normal work stress, interact appropriately with others in a work setting, and reliably leave the house due to extreme anxiety and panic symptoms.

36. Ms. Silverman was awarded Social Security Disability benefits on September 3, 2024, with the Social Security Administration finding disability beginning March 20, 2022. Unum acknowledged that award during the appeal but concluded that what it characterized as more recent information supported a different result as of April 30, 2025.

37. On or about April 29, 2025, Unum terminated Ms. Silverman's LTD benefits effective April 30, 2025, asserting that she was no longer disabled under the applicable LTD definition.

38. Unum also closed/discontinued Ms. Silverman's LWOP benefits effective April 30, 2025, asserting that she no longer satisfied the applicable life-insurance disability definition.

39. Ms. Silverman timely appealed. On September 4, 2025, through counsel, she submitted a detailed administrative appeal along with additional records, including Penn Medicine records, primary-care records, psychiatry records, and the Mental Residual Functional Capacity Questionnaire.

40. During the appeal, Unum generated and relied upon additional evidence and rationales, including an Appeals Medical Review dated October 13, 2025 by Brandon Z. Erdos, M.D. (Psychiatry), and an addendum clinical analysis completed on October 23, 2025 after Unum received additional rheumatology materials.

41. On October 14, 2025, Unum issued a notice of pending denial advising that it believed the available information supported the termination and offering an opportunity to respond to the new evidence and rationale before a final appeal decision.

42. On October 24, 2025, Unum issued an additional appeal notice and addendum review after receiving more records, again providing an opportunity to respond before a final determination.

43. Ms. Silverman responded during the appeal process and provided additional information for consideration.

44. On November 24, 2025, Unum issued a final appeal decision upholding the termination of LTD benefits and the denial/closure of LWOP benefits.

45. In its final appeal denial, Unum asserted, among other things, that the behavioral-health findings and intensity of treatment were not consistent with functional impairment; that treating providers had not opined restrictions and limitations as of April 30, 2025; that the physical evidence did not support restrictions and limitations precluding the coordinator occupation as of April 30, 2025; that surgery occurred after coverage ended; and that the SSA award was outweighed by what Unum considered more recent information.

46. The administrative record included substantial evidence before April 30, 2025 of chronic psychiatric impairment and physical limitations, including chronic pain, gait interference, low-back/hip/sacroiliac complaints, antalgic gait, delay rising from a seated position, and acute neurological symptoms during the April 2025 spinal episode.

47. The appeal record also included later-dated May 2025 records that were probative of Ms. Silverman's condition at and around the April 30, 2025 termination date because they documented the continuation and rapid progression of the same acute April 2025 episode and its related functional effects.

48. Although Unum stated that it considered Ms. Silverman's comorbid conditions and the SSA award, its analysis did not adequately explain how it weighed the combined effect of

49. her psychiatric symptoms, acute spinal pathology, neurologic complaints, pain, and malnutrition under the applicable benefit definitions.

49. Unum selectively relied on isolated "stable" or "normal" notations, surveillance observations, and non-examining paper reviews while discounting or rejecting contrary treating and appeal evidence without adequate explanation.

50. Unum's determinations were wrong under the terms of the Plan and were also the product of a structurally conflicted claims process in which Unum both evaluates claims and pays benefits.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

51. Ms. Silverman timely pursued and exhausted all required administrative remedies under the Plan.

52. Unum issued a final appeal denial on November 24, 2025. This action is timely filed within any contractual limitations period and within the applicable limitations periods under ERISA.

## COUNT I - ERISA § 502(a)(1)(B) (LTD BENEFITS)

53. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

54. Under the terms of the Plan and ERISA § 502(a)(1)(B), Plaintiff is entitled to LTD benefits so long as she satisfies the applicable LTD definition of disability.

55. As of April 30, 2025 and thereafter, Ms. Silverman satisfied the LTD definition used by Unum in administering the claim. She remained limited from performing the material and substantial duties of her regular occupation as a Clinical Placement Coordinator/Coordinator of Placement due to sickness and injury.

56. Unum's termination and continued denial of LTD benefits were contrary to the Plan terms and unsupported by the administrative record. To the extent the Plan does not validly confer discretionary authority, and/or to the extent Unum failed to comply with ERISA's claims-procedure requirements, the proper standard of review is de novo; alternatively, Unum abused whatever discretion it possessed.

57. Plaintiff is entitled to reinstatement of LTD benefits, payment of all past-due benefits from April 30, 2025 to the present, a declaration of her right to continued benefits for so long as she remains disabled under the Plan, and prejudgment interest.

**COUNT II - ERISA § 502(a)(1)(B) (LIFE INSURANCE WAIVER OF PREMIUM)**

58. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

59. Under the terms of the Plan and ERISA § 502(a)(1)(B), Plaintiff is entitled to LWOP benefits, including waiver of life insurance premiums, so long as she satisfies the applicable LWOP definition of disability.

60. As of April 30, 2025 and thereafter, Ms. Silverman satisfied the applicable LWOP definition because her combined psychiatric and physical impairments prevented her from performing the duties of any gainful occupation for which she was reasonably fitted by training, education, or experience.

61. Unum's denial and closure of LWOP benefits were contrary to the Plan terms and unsupported by the administrative record.

62. Plaintiff is entitled to reinstatement of LWOP benefits and all other relief available under ERISA and the Plan.

**COUNT III - ERISA § 502(a)(3) (EQUITABLE RELIEF) (PLEADED IN THE ALTERNATIVE)**

63. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

64. Unum acted as an ERISA fiduciary with respect to the claims administration and appeal process and owed Plaintiff duties of loyalty and prudence under 29 U.S.C. § 1104(a).

65. Unum failed to provide a full and fair review as required by ERISA and 29 C.F.R. § 2560.503-1, including by failing adequately to explain how it weighed the combined effects of Plaintiff's conditions and later-submitted probative evidence, selectively crediting evidence favorable to denial while discounting contrary treating and appeal evidence, and failing adequately to explain its treatment of the SSA award and other material evidence supporting functional impairment.

66. As a direct and proximate result of these procedural violations and fiduciary breaches, Plaintiff was wrongfully deprived of benefits and forced to litigate to obtain promised coverage.

67. To the extent relief under ERISA § 502(a)(1)(B) is unavailable or incomplete, Plaintiff seeks appropriate equitable relief under ERISA § 502(a)(3), including but not limited to surcharge, injunction, declaratory relief, and/or an order requiring Defendants to reprocess the claim and appeal under lawful procedures.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that the Court:**

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Order Defendants to reinstate Plaintiff's LTD benefits and pay all past-due LTD benefits from April 30, 2025 to the present, plus prejudgment interest;

C. Order Defendants to reinstate Plaintiff's Life Insurance Waiver of Premium benefits (and related life insurance coverage) and pay/credit any premiums and amounts due, plus prejudgment interest;

D. Declare Plaintiff's rights to continued benefits under the Plan so long as she remains disabled as defined therein;

E. In the alternative, award appropriate equitable relief under ERISA § 502(a)(3), including reprocessing and any other equitable remedies necessary to remedy procedural violations and fiduciary breaches;

F. Award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

G. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Nicholas Feden, Esq.

Nicholas Feden, Esq.
PA Bar: 307902
Feden Law Group PLLC
711 West Ave.
Jenkintown, PA 19046
Tel: (267) 234-7465
Email: nfeden@fedenlawgroup.com
Counsel for Plaintiff Dana L. Silverman